## Commonwealth *v.* Lord, Appellant.

*Criminal law—Receiving stolen goods—Testimony of accomplice.*

There is no rule of law in Pennsylvania that forbids a conviction of receiving stolen goods upon the uncorroborated testimony of an accomplice.

*Criminal procedure—Charge of court—Failure to except—Presumption of correctness.*

Where an appellant has not printed the charge of the court, and has assigned no part thereof as error, the appellate court will assume that the court below instructed the jury as to their duty to critically examine the testimony of an accomplice and to accept and act upon it only when convinced of its truthfulness.

Argued March 13, 1923. Appeal, No. 291, Oct. T., 1922, by defendant, from judgment of O. and T. Berks County, June Sessions, 1922, No. 189, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Harry Lord. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for receiving stolen goods. Before WAG-NER, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Error assigned,* among others, was the refusal to grant a new trial.

*William B. Bechtel,* for appellant.

*H. Robert Mays,* District Attorney, with him *Charles W. Matten,* Assistant District Attorney, for appellee.

OPINION BY PORTER, J., July 12, 1923:

The defendant was tried and convicted in the court below upon an indictment charging him with having received stolen goods knowing them to have been stolen. He does not allege that there was error in any ruling of the court at the trial which resulted in his conviction. The only assignment of error complains of the refusal of the court to grant a new trial.

The real complaint of the appellant is that the jury ought not to have believed the testimony of the thief, from whom he had received the property. There is no rule of law in this State that forbids a conviction upon the uncorroborated testimony of an accomplice: Com. v. DeMasi, 234 Pa. 572. The appellant has not printed the charge of the court, and as no part of the charge is assigned for error, we must assume that the court properly instructed the jury as to their duty to critically examine the testimony of the accomplice and to accept and act upon it, only when convinced of its truthfulness. The testimony of the accomplice in this case was, however, not entirely without corroboration. The thief testified that the defendant had received the goods and had sold them to a hotelkeeper, named Robinson, the innocence of the latter being upon all hands conceded. The defendant testified that the goods never had been in his possession, that he had not received them, that all he did was to introduce Guard, the thief, to Robinson. Mr. Robinson was called as a witness by the Commonwealth and testified positively that he bought the goods from this defendant and that Guard was not present when he made the purchase. We would not be warranted, upon the record here presented, in holding that the court below was guilty of an abuse of discretion when it refused a new trial.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed

until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.