## Commonwealth ex rel. Hollinger *v.* Shaeffer, Appellant.

Argued September 18, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before Wissler, P. J.

Order entered directing defendant to pay stated weekly amount for support of minor child. Defendant appealed.

*Harold E. Martin,* for appellant.

No argument was made nor brief submitted for appellee.

Opinion by Ervin, J., November 16, 1961:

The single question raised in this appeal is whether a court of quarter sessions of the peace in a support hearing is obliged to employ the official court stenographer to report the proceedings when requested so to do by the defendant or his counsel before or during the trial of the case.

The record shows that the attorney for the defendant in the court below requested that the notes of testimony be taken and that the court refused the request, stating that the facts were not in dispute. An exception was taken to the ruling and after the imposition of an order of $10.00 a week for the support of a minor child, this appeal was taken.

While there was no testimony taken in the court below we were informed by appellant's counsel that he intended to endeavor to prove that he was not the father of Judith Ann Shaeffer. We were also told that he had a letter which purported to be in the handwriting of Shirley A. Hollinger, the mother of the child, addressed to her mother in which she stated that "Whitie [the appellant] isn't the father of Judy [Judith Ann Shaeffer]." We were also told that he desired to cross-examine the mother and to present

other evidence to prove that he was not the father of Judith. The action of the court below prevented the appellant from presenting a defense.

Section 2 of the Act of May 1, 1907, P. L. 135, provided as follows: "The law judges of each of the several courts of oyer and terminer and general jail delivery, and of the courts of quarter sessions of the peace, are hereby authorized to employ the official stenographer, or stenographers, of the courts of common pleas of the particular county, to report the proceedings of the said courts, whenever in the opinion of the trial judge such services shall be necessary."

The Act of May 5, 1911, P. L. 161, amended §2 of the Act of 1907 to read as follows: "The law judges of each of the several courts of oyer and terminer and general jail delivery, and of the courts of quarter sessions of the peace, *shall* employ the official stenographer or stenographers of the courts of common pleas of the particular county, to report the proceedings of the said court, whenever *requested so to do by any defendant or defendants, or his, her or their counsel, before or during the trial of any case in any of said courts: . . . .*"

The language of the 1911 amendment has been retained down to and including the last amendment of January 8, 1960, P. L. (1959) 2116, 17 PS §1802. This clearly shows that the legislature intended by the Act of 1911 to make it mandatory to have the official stenographer take the testimony in any proceedings in the court of quarter sessions of the peace when requested to do so by the defendant or his counsel.

Counsel for both parties state that there are no reported cases directly interpreting §2 of the Act of 1911 in respect to the right of a party to have an official court stenographer take the notes of testimony in a support hearing in the court of quarter sessions of the peace. Our search has likewise failed to reveal any

such decision. The case of *Com. ex rel. Berardino v. Berardino,* 99 Pa. Superior Ct. 537, is not in point because it referred to a case in which an insufficient answer had been filed.

Counsel for appellee argues that the Act of 1911, as amended, applies only to a formal trial and does not apply to a support proceeding, which is summary in nature. We cannot agree with this argument. The act expressly applies to proceedings of the court and we believe that this is broad enough to cover all proceedings.

We have indicated in a number of cases that it is impossible for us to intelligently review proceedings of the court below where testimony is not taken and a record made of the proceedings: *Com. ex rel. McClenen v. McClenen,* 127 Pa. Superior Ct. 471, 193 A. 83; *Com. v. Elliott,* 155 Pa. Superior Ct. 477, 38 A. 2d 531; *Com. ex rel. Heineman v. Heineman,* 185 Pa. Superior Ct. 32, 137 A. 2d 349.

We are unable to determine from this record whether the court below abused its discretion in the order appealed from since no transcript of the testimony of the hearing is available because it was not reported. The court should have had a full hearing on the merits and should have had the testimony taken by the official court stenographer.

The order is reversed and the case is remanded for a hearing de novo. At the hearing the proceedings shall be reported and the testimony shall be transcribed in full so that if necessary the propriety of the lower court's action thereon may be reviewed by us according to law.