266

Commonwealth *v.* Buckley, Appellant.

Argued November 15, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before SOHN, J., specially presiding.

*Homer W. King,* for appellant.

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, J., January 16, 1962:

Earl F. Buckley was brought to trial in the Court of Quarter Sessions of Allegheny County on a bill of indictment charging in count 1 that he failed to stop his motor vehicle at the scene of an accident; and in count 2 that he failed to give his name, address, and the registration number of his vehicle, and to exhibit his operator's license. The jury returned a verdict of guilty on both counts. The court en banc arrested judgment as to the first count, but overruled defendant's motion in arrest of judgment and for a new trial as to the second count. Sentence was imposed, and this appeal followed.

We have been handicapped in our consideration of this appeal because of the inadequate and confused record. The trial was not reported, a practice of which we do not approve. The opinion below states that the indictment was drawn under Section 1025 of The Vehicle Code of May 1, 1929, P. L. 905, whereas the legislative provision in effect at the time of the alleged offense

was Section 1027 of The Vehicle Code of April 29, 1959, P. L. 58 (75 P.S. 1027). However, the language of the two sections is identical and, in our view of the case, this discrepancy is not material. Counsel have agreed upon a "stipulation of facts in lieu of record", the pertinent portion of which is as follows:

"Earl F. Buckley, defendant, aged 40, on January 30, 1960, shortly after midnight, was driving north on Craig Street and stopped for the red light at the intersection of Craig Street and Fifth Avenue, both public thoroughfares in the City of Pittsburgh. Both thoroughfares are practically level at this particular point. While waiting for the light to turn green, defendant felt a slight bump on the rear of his Corvette automobile. The bump was caused by a Thunderbird automobile operated by one Richard Tissue, aged 22, who, with his friends, was on his way home from a bowling banquet. Mr. Buckley and Mr. Tissue each got out of their respective automobiles. Mr. Buckley accused Mr. Tissue of running into him from the rear and Mr. Tissue claimed Mr. Buckley had backed into the front of the Thunderbird. There were some harsh words between them as they stood in the street and discussed the matter for several minutes, after which Mr. Buckley got into his automobile and proceeded home. The next the defendant heard of this matter was three or four hours later when a policeman appeared at his front door and escorted him to a police station. Mr. Buckley stated he had observed no damage to the rear of his automobile nor to the front of Mr. Tissue's automobile and had so stated at the time. Mr. Tissue testified he had made no claim for any damage at the time of the collision but denied he had stated that there was no damage to either car. Mr. Tissue stated that his car had been damaged in the front end to the extent of $88.00 and it was to collect that sum that he had brought the prosecution".

Appellant's principal contention on this appeal is that the trial judge erred in failing to charge the jury concerning the requirements to support a conviction on the second count. It is apparent that appellant did not fail to stop his vehicle at the scene of the accident. This is confirmed by the notes of the trial judge, to which reference is made in the opinion below. The first count should therefore not have been submitted to the jury, and the law relating to the second count should have been carefully explained. It was essential that the jury be informed of the Commonwealth's burden to establish knowledge: *Commonwealth v. Hyman*, 117 Pa. Superior Ct. 585, 178 A. 510. And see *Commonwealth v. Adams*, 146 Pa. Superior Ct. 601, 23 A. 2d 59. The statute expressly provides that identification need not be given if there is a disclaimer of injuries and damages.[1] At the conclusion of the charge, according to the stipulation, the following colloquy occurred: "By counsel for defendant: Your Honor did not charge on the second portion . . . relating to the duty when the person struck says there are no injuries or damages and that in that event, there is no need to exchange identification. Is that not a correct statement of the law? By the trial judge: That's right". However, the charge was apparently not amplified in this regard.

It is true, as contended by the Commonwealth, that the charge of the trial judge must be read and construed as a whole. See *Commonwealth v. Walker*, 178

---

[1] "The operator and owner, if present, of any vehicle involved in any accident, resulting in injury or death to any person or damage to property, shall give his name, address, and the registration number of his vehicle, and exhibit his operator's license to the person struck, or the operator or occupants of any vehicle involved, or the owner or custodian of any property involved, unless the person struck, or the operator of the vehicle or the custodian of the property involved, signifies that no injuries have been received or damages sustained . . ."

Pa. Superior Ct. 522, 116 A. 2d 230. Unfortunately we do not have the charge before us. The Commonwealth argues that, in such event, a presumption arises that the charge was correct and complete, citing *Commonwealth v. Lord,* 81 Pa. Superior Ct. 279, and *Commonwealth v. Van Horn,* 188 Pa. 143, 41 A. 469. These cases are not controlling. In the *Lord* case the charge was not assigned as error. The *Van Horn* case involved a conflict between the trial judge and the court stenographer as to certain language in the charge. That the jurors in the instant case were confused seems clear from the fact that they found appellant guilty of failing to stop. This finding was directly contrary to the evidence, as acknowledged by the court en banc in granting appellant's motion in arrest of judgment as to the first count.

As pointed out in *Commonwealth v. Tracey,* 130 Pa. Superior Ct. 15, 196 A. 549, the Act of June 24, 1895, P. L. 212, Section 8, 17 P.S. 192, grants to the Superior Court broad power to "affirm, reverse, amend or modify any order, judgment or decree as it may think to be just, or it may return the record for further proceedings in the court below". In the case at bar, we are all of the opinion that the interests of justice require a new trial. See *Commonwealth v. Fields,* 171 Pa. Superior Ct. 177, 90 A. 2d 391; *Commonwealth v. Kauffman,* 190 Pa. Superior Ct. 444, 154 A. 2d 269. The proceedings shall be reported and transcribed in full so that, if necessary, the propriety of the lower court's action thereon may be reviewed by us according to law. Cf. *Commonwealth ex rel. Hollinger v. Shaeffer,* 196 Pa. Superior Ct. 301, 175 A. 2d 114.

Judgment reversed with a venire.

———

CONCURRING OPINION BY MONTGOMERY, J.:

I concur in the opinion written by Judge WRIGHT in this case because justice requires a new trial, but I

do not interpret it to mean that the trial courts no longer have the privilege of trying cases of lesser importance without having the proceedings recorded by an official stenographer, which privilege is given by the Act of May 1, 1907, P. L. 135, §2, as amended by the Acts of June 1, 1959, P. L. 340, §1 and January 8, 1960, P. L. (1959) 2116, §1 (17 P.S. 1802, supp.).