## Commonwealth *v.* Masters of Lancaster, Inc. et al., Appellants.

Argued June 13, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*John Milton Ranck,* and *Norman Diamond,* of the Washington, D. C. Bar, with them *Werner J. Kronstein,* and *Appel, Ranck, Levy & Appel,* and *Arnold, Fortas and Porter,* of the Washington, D. C. Bar, for appellants.

*Harold W. Budding,* Assistant District Attorney, with him *Alfred C. Alspach,* District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, J., September 13, 1962:

Masters of Lancaster, Inc., and Frederick W. Steinman, its vice president and store manager, were indicted in the Court of Quarter Sessions of Lancaster County on a charge of violating the provisions of Section 857 of The Penal Code, which proscribes the publication of untrue, false or misleading advertising. Act of June 24, 1939, P. L. 872, Section 857, 18 P.S. 4857. A demurrer to the indictment by Masters and a motion to quash by Steinman were dismissed, and the case proceeded to trial before Honorable WILLIAM G. JOHNSTONE, JR., and a jury. A demurrer to the Commonwealth's evidence was overruled, and points for binding instructions were refused. The jury returned a verdict of guilty as to both defendants. Motions in arrest of judgment and for a new trial were denied. Masters was sentenced to pay a fine of $200.00. Sentence as to Steinman was suspended. These appeals followed.

The statute in question reads in pertinent part as follows: "Whoever, with intent to sell or in any wise dispose of merchandise, securities, service, or any other thing . . . makes, publishes, disseminates, or causes, directly or indirectly, the same to be made, published, disseminated, circulated, or placed before the public, in a newspaper or other publication . . . an advertisement, announcement, or statement, of any sort regarding merchandise, security, investment, service or anything so offered to the public or concerning the quantity, quality, value, merit, use, present or former price, cost, reason for price, motive for sale, or concerning the method or cost of production or manufacture, or the possession of rewards, prizes or distinctions conferred, regarding such merchandise, security, investment, service or

thing, which advertisement contains any assertion, representation, or statement of fact which is untrue, deceptive, or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue, deceptive, or misleading, is guilty of a misdemeanor".

The record discloses that, on March 16, 1961, in the Lancaster New Era, and on March 17, 1961, in the Lancaster Daily Intelligencer Journal, there appeared an advertisement of Masters of Lancaster, Inc. listing some forty items for sale. One of these items, the basis of the instant proceeding, was a 20″ Rotary Moto-Mower with manufacturer's list price stated to be $69.95 and Masters' sale price $49.99. This mower actually did not have a manufacturer's list price, and in that regard the advertisement contained a statement which was untrue. Appellant Steinman had no specific part in preparing the advertisement. He testified that, as manager, he was ultimately responsible for everything which transpired in the store. The advertisement had been prepared by an assistant manager who had inadvertently used the list price of a 9″ Super Edger-Trimmer, the article on the line immediately preceding the 20″ Moto-Mower on the manufacturer's price sheet. It was shown that the same mower was offered for sale in two other retail stores in Lancaster County at substantially the same price given as the manufacturer's list price in Masters' advertisements.

The sole basis upon which appellants were convicted was that the advertisements contained a statement which, although in no sense deceptive, was technically untrue. This is not enough to sustain a conviction under the statute. It is fundamental that penal statutes must be strictly construed. See Act of May 28, 1937, P. L. 1019, Section 58, 46 P.S. 558; *Commonwealth v. Willard*, 179 Pa. Superior Ct. 368, 116 A. 2d 751; *Commonwealth v. Cunningham*, 365 Pa. 68, 73 A. 2d 705;

*Commonwealth v. Glover*, 397 Pa. 543, 156 A. 2d 114. The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature: *Longo Liquor License Case*, 183 Pa. Superior Ct. 504, 132 A. 2d 899; *Commonwealth v. Peoples*, 345 Pa. 576, 28 A. 2d 792. This legislative intention primarily must be gathered from the language of the Act: *Commonwealth v. Cohen*, 142 Pa. Superior Ct. 199, 15 A. 2d 730. The purpose to be accomplished is an important consideration: *Commonwealth v. Calio*, 155 Pa. Superior Ct. 355, 38 A. 2d 351; *Commonwealth v. Emerick*, 373 Pa. 388, 96 A. 2d 370.

It is readily apparent that the real purpose of the statute under consideration is to protect the public from being cheated by fraudulent advertising. It is a part of Article VIII of The Penal Code which is entitled "Offenses Against Personal Property and Fraudulent Dealing Therewith". It should be noted that the indictment in the instant case, as submitted to the grand jury, charged that the advertisements were published fraudulently. The word "fraudulently" was deleted from the indictment during the course of the trial over objection by counsel for appellants. In the only reported case on the subject in this Commonwealth, the Court of Quarter Sessions of Philadelphia County concluded that the legislative purpose was "to prevent the cheating of customers by misleading statements touching the thing offered for sale": *Commonwealth ex rel. Cunningham v. Dean*, 30 Dist. 563. So interpreted, the statute condemns untrue statements which are material in the sense that they cheat or mislead the public. We are of the opinion that a misstatement does not violate the statute unless it is materially untrue and therefore deceptive. Where an advertisement contains a mere technical untruth which does not deceive or mislead the public, there is no violation of the Act. The word "untrue" is not to be mechanically

applied without regard to the practical effect of the result.

In the words of the learned trial judge: "The case was submitted to the jury on the instruction that no intent to do anything wrong was necessary to a conviction and that the only question for the jury to determine was whether the defendants, or either of them, knew or by the exercise of reasonable care should have known that the advertisement was untrue". Such a literal construction of the statute carries it beyond the obvious purpose underlying its enactment. "Before one can be convicted of a crime his case must plainly and unmistakedly come within the provisions of the statute": *Commonwealth v. Unkrich*, 142 Pa. Superior Ct. 591, 16 A. 2d 737. These appellants stand convicted of criminal conduct for publishing an advertisement which truthfully informed the public that a $20.00 bargain was available at the Masters' store. The uncontradicted testimony in the record establishes that the "going" price for this particular model of mower was approximately $69.95. The relatively immaterial misstatement in the advertisement that this was the "manufacturer's list price" warrants application of the maxim de minimis non curat lex. Cf. *Bristol-Myers Co. v. Lit Bros.*, 336 Pa. 81, 6 A. 2d 843. It is our view that the interests of justice require a reversal of the judgments below. See *Commonwealth v. Buckley*, 197 Pa. Superior Ct. 266, 177 A. 2d 107.

Judgments reversed and appellants discharged.