Opinion by
Wright, J.,
Marcus Shafer was indicted by the Allegheny County Grand Jury on a charge of embezzlement by tax collector under Section 823 of The Penal Code. Act of June 24, 1939, P. L. 872, 18 P.S. 4823. The Commonwealth has appealed from an order of the court of quarter sessions, entered July 22, 1963, granting Shafer’s motion to quash the indictment.
*181 Shafer was president of the Keystone Universal Carpet Corporation in the City of Pittsburgh. The present prosecution was instituted because of nonpayment to the Department of Revenue of sales taxes allegedly collected by the corporation from December 1, 1961, to July 1, 1962, in total amount of $30,177.28. The decision of the court below was based “on the ground that defendant is not a ‘Tax Collector’ as that term is used in The Penal Code”.
Section 201 of the Selective Sales and Use Tax Act[1] imposing the tax, Act of March 6, 1956, P. L. (1955) 1228, 72 P.S. 3403-201, provides that the tax “shall be collected by the vendor from the purchaser, and shall be paid over to the Commonwealth as herein provided”. The basic question presented by this appeal is whether a vendor who converts or appropriates and fails to pay over sales taxes is guilty of embezzlement under Section 823 of The Penal Code which reads as follows: “Whoever, being charged with the collection, safekeeping, or transfer of any taxes of the Commonwealth, or any political subdivision thereof, converts or appropriates the moneys so collected, or any part thereof, to his own use in any way whatever, or uses by way of investment in any kind of property or merchandise any portion of the money so collected by him as taxes, and proves a defaulter or fails to pay over the same or any part thereof at the time or place required by law, and to the person legally authorized to demand and receive the same, or aids or abets or is an accessory to such act, is guilty of embezzlement, a felony”.
The source of Section 823 of The Penal Code is the Act of June 3, 1885, P. L. 72, which is entitled “An act to punish defaulting tax collectors”. Section 54 of the Statutory Construction Act, Act of May 28, 1937, P. L. *182 1019, 46 P.S. 554, reads as follows: “The title and preamble of a law may be considered in the construction thereof . . . The headings prefixed to chapters, articles, sections and other divisions of a law shall not be considered to control but may be used to aid in the construction thereof”. While the term “tax collector” appears only in the heading prefixed to Section 823, it seems clear, not only from the present statute but also from its historical source, that the language was intended to apply to a public official, as distinguished from a private citizen. This view was expressed by the late Judge Crumlish in Commonwealth v. Simpson, 74 Pa. D. & C. 313, as follows: “In passing, it is well to observe that Section 823 of The Penal Code of 1939 and its predecessor, the Act of June 3, 1885, P. L. 72, Section 1, 18 P.S. 2573, have consistently been applied to collectors who are officials, elected or appointed, ‘duly qualified’ as ‘public officers’ having a ‘term of office’ where their ‘official capacity’ is to collect taxes”. A “tax collector” is usually regarded.as a public official, not only by the ordinary citizen, but also by the legislature. For example, in Section 2 of the Local Tax Collection Law, Act of May 25, 1945, P. L. 1050, 72 P.S. 5511.2, the term is defined to include “every person duly elected or appointed to collect all taxes levied by any political subdivision included in the provisions of this act”.
Appellant contends that a vendor in Pennsylvania is “charged with the collection, safekeeping, or transfer of any taxes of the Commonwealth”, and therefore comes within the language of Section 823 of The Penal Code. We are not in accord with this contention. It is significant that there is no definition of a “tax collector” in the Selective Sales and Use Tax Act. However, the term “tax payer” is defined in Section 2 of the statute as follows (italics supplied) : “Any person required to pay or collect the tax imposed by this act”.’ *183 Thus, in the eyes of the Commonwealth, the vendor is actually a taxpayer. He is not clothed with any of the powers of a tax collector to enforce payment. Moreover, if he fails to collect the tax, Section 546 of the statute provides that he is himself required to pay “the full amount of the tax which he should have collected”.
The legislature has expressly provided in Section 58 of the Statutory Construction Act (46 P.S. 558) that penal provisions are to be strictly construed. See Commonwealth v. Masters of Lancaster, 199 Pa. Superior Ct. 36, 184 A. 2d 347. In the present era of requiring, as a fiscal administrative aid, the withholding and collection of taxes at the source, a large number of our citizens have been burdened with the duty of withholding and paying over income and social security taxes. They do not thereby become public officials, and are not tax collectors in the accepted sense. Similarly, we are of the opinion that a vendor who is required to collect and pay over sales taxes for the Commonwealth is not thereby elevated to the status of a tax collector within the purview of Section 823 of The Penal Code.
Before concluding, we should note that two additional questions were raised by appellee-Shafer in the court below, and have been argued and briefed on this appeal. It is contended that the special penal provisions set forth in Section 573 of the Selective Sales and Use Tax Act preclude prosecution under Section 823 of The Penal Code. Cf. Commonwealth v. Buzak, 197 Pa. Superior Ct. 514, 179 A. 2d 248. It is also contended that the corporation was the vendor in the instant case, and that the prosecution should have been instituted against the corporation and not against its president as an individual. In view of our disposition of the basic issue, these supplemental questions become moot and it is unnecessary to discuss them.
Order affirmed.

 Now known as the Tax Act of 1963 for Education. See Act No. 43 of 1963, P. E. 49.