## Hayes v. Warstler

*Penna & Delduco*, for plaintiffs.
*MacElree, Platt, Marrone & Harvey*, for defendant.
*Reilly & Fogwell*, for additional defendant.

RILEY, J., September 15, 1964.—Plaintiff and original defendant were involved in an intersection collision in the Borough of West Chester in this county and the basic suit was instituted as a result of that incident. Defendant filed an answer to plaintiff's complaint and at the same time a complaint against one Alexander Colanero, Jr., as an additional defendant. Colanero was served by the Sheriff of Chester County deputizing the Sheriff of Philadelphia County who

then served Colanero with a copy of the complaint in that county. Colanero now has filed preliminary objection averring that this court lacks jurisdiction over him for want of venue and avers therefore that improper service was made upon him and further by way of demurrer alleges that no cause of action has been stated. These objections are now before us for decision.

As to venue it is the contention of the additional defendant that, being an individual and resident of Pennsylvania, venue of a trespass action against him lies only in a county where he may be personally served and therefore the deputized service was improper and did not effect jurisdiction over him. The proper procedure to raise the question of jurisdiction over the person of a party is, as the additional defendant here has done, by way of preliminary objection specifying the defect in question: Rule 1017-(b)-(1). Relative to the question raised the party seeking to join an additional defendant has the same relation to the party sought to be joined as though he were a plaintiff seeking to institute suit against that party: Rule 2254 (a.) As Goodrich-Amram comments upon said rule, page 69, "In securing service upon the additional defendant, the defendant is entitled to the same rights as though he were a plaintiff in the action and the additional defendant were an original defendant. That is, the defendant has such right as though he had brought the action in the county in which it was brought and had sued the additional defendant directly." Neither the rule nor the right of joinder of an additional defendant confers venue upon the cause against the additional defendant where such venue did not previously exist: Mann v. Meyers Contract Trucking, 27 D. & C. 2d 90.

By Rule 1042 venue for actions in trespass is "in any county in which an action of assumpsit may be

brought" and also in any county so designated by an act of assembly. Rule 1006 governs venue as to assumpsit actions and provides:

(a) "Except as otherwise provided by subdivision (b) of this rule, an action against an individual may be brought in and only in a county in which he may be served."

As applied to an individual defendant, the issue now before us, the only exception in subsection (b) relates to individuals who are nonresidents of the State in which case venue may be had in the county in which the cause of action arose under the provisions of rules 2077 and 2078. As to corporations, of course, trespass actions may be instituted in the "cause of action" county: Act of June 13, 1836, P. L. 568, sec. 42, 12 PS §1303, reiterated in rules 2179 and 2180 of the procedural rules.

Examining the area of legislative designation of venue in trespass actions, the legislature has acted in certain classes of cases and provided for venue in the county where the cause of action arose, where the damage arose from the "use of operation of a vehicle": Act of May 1, 1929, P. L. 105, sec. 1303, 75 PS §1303; and the several acts of assembly relating to damages to real property and the maintenance of nuisance on land. However in the limited field of tortious injuries by a resident individual, not arising from the use or operation of a "vehicle" or related to damages to land, venue appears still limited to the county wherein service may be effected. As pointed out by 2A Anderson Pa. Civ. Prac. Comment Rule 1043.2, page 638, Rule 1043, authorizing deputized service where the action is instituted in the county where the cause of action arose, is merely a rule of service and does not establish venue where it does not otherwise exist and is therefore applicable only where the action is properly instituted in the county where the cause of action arose.

The complaint filed as to the additional defendant avers that he is an individual engaged in business in Philadelphia, Pa., and that his negligence which allegedly caused the vehicle of plaintiff, Barbara Hayes, and Warstler to collide consisted:

"(a) In leaving his heavy construction equipment at said intersection so that it blocked the view of passing motorists.

"(b) In failing to properly clear the traffic control signal, which he had obstructed by his carelessness.

"(c) In failing to have due regard for the safety of plaintiffs, defendants and other users of the highways."

From the allegations of the complaint it seems clear that they do not support the conclusion that defendant's negligence occurred in his operation or use of a vehicle and the issue before us resolves itself entirely to the construction of section 1303 of The Vehicle Code. Did the legislature intend that the venue conferred was to be limited to damage or injury caused by a defendant's use or operation of a vehicle or was it intended to embrace actions for damages or injuries wherever the use or operation of a motor vehicle was involved, whether operated by defendant or plaintiff? Upon consideration of the wording employed by the legislature and the obvious purposes sought to be accomplished, we conclude that a reasonable construction of the section requires the affirmance of the latter interpretation.

The phraseology employed by the legislature as basis for venue in the cause of action county is "actions for damages, arising from the use and operation of any vehicle." It is to be noted that the legislature did not say that the scope of the actions subject of the act were limited to those where the damage was caused by another's operation or use of a vehicle but on the contrary employed broad and all inclusive phraseology of action for damages where the operation or use of an automo-

bile plays a part, whether operated by plaintiff or defendant. Such a construction is not only consistent with the wording employed but also with the purpose intended to be accomplished. An important consideration in the construction of any statute is the purpose behind the act: Commonwealth v. Master of Lancaster, Inc., 199 Pa. Superior Ct. 36. As pointed out in Hartman v. Donahue, 142 Pa. Superior Ct. 382, the purpose of granting venue in cases involving automobiles to the forum where the damage is caused is to accord with the normally most convenient forum for all parties and witnesses. Such purpose exists and is to be served regardless of whose car is used or operated as long as damage is tortiously caused to a person or auto where the use or operation of a vehicle is involved and is certainly so true in this case. In arriving at this conclusion we coincide in the construction of The Vehicle Code upon the same issue in McCaslin v. Bell, 23 Lehigh 399, where President Judge Henninger permitted the joinder as an additional defendant by deputized service of an auto mechanic who allegedly negligently replaced the wheel of a car and thereby caused a subsequent collision and in Carbaugh v. Grove, 84 D. & C. 497, wherein President Judge Wingerd of Franklin County held the county where damage by a motorcycle occurred had venue in suit by the injured party against taproom proprietors who allegedly had served the motorcycle operator alcoholic liquor to the point of intoxication.

Relative to the objection in the nature of a demurrer, such objection has no merit. The complaint avers that the negligent placing of equipment by defendant obstructing the view of the intersection as well as the negligent obscuring of the sign controlling the intersection caused the collision in question. Such averments do state a cause of action. Whether the proof to be offered will sufficiently substantiate the aver-

ments is not before us at this point and must be left to the judgment of the trial court when such proof is offered.

Several other objections are stated, as "there has not been compliance with Rules 2251 through 2257" without specifying in what respect and "additional defendant requests a more specific pleading" without averring in what area the present "pleading" is too general or the greater specification sought. Neither of these averments were pressed or substantiated in fact or argument.

And now, September 15, 1964, the preliminary objections of additional defendant, Alexander Colanero, Sr., are hereby dismissed with leave to file such answer as may be required by law to the complaint served upon him within 20 days of the date hereof.