## Glassow License

*John S. Neal, Jr.,* for appellant.
*William H. Eastburn, 3rd,* for Secretary of Revenue.

BECKERT, J., September 7, 1965.—This is an appeal from the suspension of appellant's operator's license by the Secretary of Revenue. After hearing thereon, we make the following findings of fact:

(1) Appellant, Soren Glassow, resides at 72 Cherry Lane, Levittown, Bucks County, Pennsylvania.

(2) On March 27, 1964, at approximately 7:15 p.m., appellant was operating his 1956 Pontiac automobile in a southerly direction on Route 413 in Buckingham Township, Bucks County, Pennsylvania.

(3) Route 413, at the point under consideration, is a two-lane black topped roadway approximately 20 feet in width, curving in an easterly direction on a downgrade as one is travelling on said road in a southerly direction.

(4) At the above location, a cat was crossing, or attempting to cross, the roadway and appellant, to prevent striking the animal, swerved his vehicle, resulting in loss of control thereof and the vehicle leaving the roadway, proceeded across the land of Carl Hilbert and came to rest at the base of a large tree situate on the Hilbert property.

(5) Hilbert shortly thereafter came from his home and engaged in conversation with appellant. Hilbert then returned to his home and when he did not reappear, appellant drove from the scene.

(6) Hilbert did not ask appellant to identify himself, nor did Hilbert contend that his property was damaged. Appellant observed damage to his vehicle, but did not observe any damage to Hilbert's property.

(7) Later the same evening, appellant was contacted by telephone by a member of the Pennsylvania

State Police. Appellant voluntarily appeared at the Pennsylvania State Police barracks the next morning when he was informed that his car caused damage to certain shrubbery located on the Hilbert property.

(8) An information charging appellant with violation of section 1027(d) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1027(d), [involved in accident with any vehicle or property which is unattended] was lodged before a justice of the peace. Appellant, without requesting a hearing, paid the fine and costs.

(9) On September 10, 1964, a hearing was held before an examiner of the Department of Revenue. On November 2, 1964, the Secretary of Revenue notified appellant that his operator's license was suspended for four months, effective November 10, 1964. The within appeal was filed November 10, 1964 and made a supersedeas.

(10) Appellant's prior motor vehicle violations consisted of a speeding charge in 1961 in the State of Georgia. This offense did not result in a suspension, but in the issuance of a warning letter.

(11) Appellant has been a licensed driver since 1941 and during the last three years has driven in excess of 20,000 miles each year. Appellant is a mechanical engineer employed by John A. Roebling's Sons and Colorado Fuel and Iron Corporation, both of Trenton, New Jersey. His position entails the travelling from one plant to another each day.

## DISCUSSION

Accepting the testimony as presented in this case gives rise to the question of whether appellant was, at best, guilty of a mere technical violation of The Vehicle Code. Appellant's testimony, to the effect that he was not aware of any property damage to Hilbert's property until contacted by the Pennsylvania State Police, is uncontradicted. His testimony on that score is rendered credible by the actions of the property owner

immediately following the incident, namely, that Hilbert did not complain of any damage, nor did he request any identification of appellant. As it was subsequently determined, the property damage consisted of damage to two small bushes approximately two feet in height and for such damage a monetary damage of $50 was assigned. The amount of the damage was paid by appellant.

It has been our understanding that one of the necessary elements of section 1027 (b), not here charged, is knowledge on the part of the driver that damage was in fact inflicted: Commonwealth v. Buckley, 197 Pa. Superior Ct. 266; Commonwealth v. Adams, 146 Pa. Superior Ct. 601. However, subsection (d) of section 1027, dealing with unattended vehicles or property, does not contain the same language as subsection (b). There is absent from subsection (d) the language: ". . . unless . . . the custodian of the property involved, signifies that no injuries have been received or damages sustained", and absent that language, it can be argued that appellant was here technically guilty. See Appeal of William P. Caffrey, 22 Fayette 171. We cannot see, however, how such a technical violation of The Vehicle Code should also be the basis for a suspension order: Rathjens License, 31 D. & C. 2d 621. Appellant's past driving record is good and his need for his operator's license, while not a necessity, is present if he is to function in his position without great inconvenience and economic hardship.

We, therefore, reverse the order of the Secretary of Revenue and enter the following

ORDER

And now, September 7, 1965, the within appeal from suspension of the operator's license of Soren Glassow is hereby sustained and the order of the Secretary of

Revenue suspending the operator's privilege to appellant is vacated, overruled and reversed.