## Oswald v. Whitehall Township

*Martin J. Karess,* of *Walker, Thomas, Karess, Lipson & Zieger,* for plaintiffs.

*F. Paul Laubner,* of *Kitey & Laubner,* for defendant.

DAVISON, *Chancellor,* November 7, 1975—This action in equity was instituted by three residents and taxpayers of Whitehall Township, Pa., to enjoin the construction of a new municipal service building being erected by the township at 3219

MacArthur Road, on the theory that the structure is violative of the Act of June 24, 1931, P. L. 1206, art. XV, sec. 1502, as amended, 53 PS §56517, which, inter alia, provides:

"[The Township Commissioners are authorized] [t]o provide and maintain suitable places for the housing of engines, hose carts, and other apparatus for the extinguishment of fire. No such building shall be erected or maintained without obtaining the assent of the electors thereof, expressed at an election to be held at the place, time, and under the same regulations as provided by law for the holding of municipal elections." It has been stipulated that the question has not been placed on the ballot.

The thrust of plaintiffs' action is that the new municipal building will provide space "for the housing of . . . apparatus for the extinguishment of fire," that the issue has not been submitted to the electorate for approval and that, consequently, the construction should be enjoined. The township's position is that no part of the new edifice will house such apparatus. We are not required to, nor do we, make any judgment with respect to the wisdom of the municipal officials in deciding on the need for another township building; our judicial inquiry is limited to whether the statute in question applies.

On October 6, 1975, after a hearing, plaintiffs' request for a preliminary injunction was denied. A final hearing was held on October 30, 1975, wherein the testimony from the preliminary hearing was incorporated and additional evidence presented. Oral argument has been held before the court and legal memoranda submitted.[1]

---

1. At oral argument on November 5, 1975, counsel for the Township informed the Court that while excavation has begun, no part of the construction of the building has been undertaken.

The evidence clearly shows that at the urging of Fire Chief William Balliet, a portion of the building was designed to accomodate and centralize some of the township fire department activities currently spread throughout five existing firehouses, as well as to meet future needs of that department. The uncontradicted testimony was that 20 percent of the building was specifically designed for such purpose. Indeed, the architect, Wilbur Kline, somewhat overzealously placed the legend "W.F.D." on the originally planned tower. While the tower and the initials have been removed from the plans, 20 percent of the building does call for what is referred to as a "service area" which includes: two bays inside the structure purposely large enough to accommodate two fire engines, hose racks, a fire extinguisher room, a meeting room and an office for the fire chief. The bays were designed to handle fire trucks loading and unloading fire hose to be washed and cleaned in the building. Hose drying racks are quite obviously to be used to dry hose. All municipal fire extinguishers will be serviced, charged and recharged in the fire extinguisher room. Hose and fire extinguishers as well as nozzles, hats and ladders to be kept at the new building, constitute apparatus for extinguishing fire.

It is apparent that the "service area" will be devoted principally to fire department use, although portions may also be used for meetings of outside organizations and/or the storage of other municipal equipment. While, in practice, this portion of the structure may not be used exclusively or even predominantly by the fire department, that it was designed for such purpose has not been controverted. As plaintiffs' counsel validly points out, the statute does not require that such an edifice house hose

carts or other apparatus at *all* times, nor does it require that a building be *exclusively devoted* to such use. To conclude, as urged by counsel for the township, that the service area will *only* be used for washing and drying hose ignores the realities of the situation. We see no justification for the court making a quantitative analysis of the use situation. The direct evidence and all reasonable inferences therefrom amply demonstrate that a significant portion of this building was designed and earmarked for fire department use beyond the washing and drying of hose.

We have no knowledge as to the specific legislative intent in requiring the approval of the electorate in the situation presented by the case at bar, nor has counsel called to our attention or our own research revealed any Pennsylvania cases construing or even dealing with the merits of the statute. The enactment mandates assent of the voters. Any other interpretation of the statute would require that we ignore its plain words which we will not do. See Commonwealth ex rel. Varronne v. Cunningham, 365 Pa. 68, 73 A. 2d 705 (1950); Milk Control Commission v. Penn Fruit Company, 410 Pa. 242, 188 A. 2d 705 (1963); and, Commonwealth v. Masters of Lancaster, Inc., 199 Pa. Superior Ct. 36, 184 A. 2d 347 (1962).

Legislation must be construed as intending to favor the public interest: Commonwealth ex rel. Shumaker v. New York & Pennsylvania Co., 367 Pa. 40, 79 A. 2d 439 (1951); and, Spigelmire v. North Braddock School District, 352 Pa. 504, 43 A. 2d 229 (1945). We can only assume that the legislature envisioned that the public be afforded the final word on the subject of whether first class townships shall erect or maintain buildings for the housing of engines, hose carts and other apparatus for

the extinguishment of fire. We shall neither ignore nor abridge this right given to the public.

There is no basis for assessing plaintiffs' counsel fees against the township; therefore, we shall not do so.

## DECREE NISI

Now, November 7, 1975, the court having concluded that a portion of the building being constructed at 3219 MacArthur Road, Whitehall Township, Lehigh County, Pa., is violative of the Act of June 24, 1931, P. L. 1206, art. XV, sec. 1502, as amended, 53 PS §56517, it is ordered and decreed that defendant, the Township of Whitehall, be and it is hereby enjoined from erecting or maintaining said building or any portion thereof for the purpose of the housing of engines, hose carts, as well as any other apparatus for the extinguishment of fire.

If no exceptions are filed within 20 days after notice of the filing of this adjudication, the decree nisi shall be entered by the Prothonotary of Lehigh County, on praecipe, as the final decree in this proceeding.