ADA PEARL BRUMFIELD

*v.*

GUS CUNNINGHAM WOFFORD

(CC 840)

Submitted January 21, 1958. Decided February 18, 1958.

*Dodrill, Barrett & Dunbar,* for plaintiff.

*Jenkins & Jenkins,* for defendant.

BROWNING, JUDGE:

Ada Pearl Brumfield, administratrix of the estate of Fernando Brumfield, instituted this action of trespass on the case in the Circuit Court of Wayne County against the defendant Wofford to recover damages for the alleged wrongful death of her decedent.

The declaration is in one count and alleges that on the 26th day of January, 1957, the defendant was operating his automobile along and over West Virginia Route No. 75, in the County of Wayne, and that it then and there became the duty of the defendant to operate his automobile at a reasonable and proper rate of speed, to keep a

reasonable and proper lookout, et cetera, and, *"to stop said automobile as quickly as possible upon striking this plaintiff* (sic.) *and to render such assistance and aid as could be rendered."* The declaration then alleges the negligent breach of the several duties imposed upon the defendant, and *"that upon striking said Fernando Brumfield, the defendant negligently, carelessly and unlawfully failed to bring his automobile to a stop and negligently and unlawfully failed to stop and render whatever assistance could be rendered,* whereby and by reason whereof and as a proximate result of the said negligent, careless and unlawful conduct * * *." the defendant struck and injured plaintiff's decedent, by reason whereof plaintiff's decedent died on January 27, 1957. (Italics supplied.)

The defendant demurred to the declaration on the grounds: (1) It improperly contains an allegation of a duty, and the breach thereof, required by a penal statute in a civil action for wrongful death; (2) the breach of such duty occurred after the accident, and damages arising from that breach cannot be joined in an action for negligence occurring prior to, and thus causing, the accident; and (3) the declaration pleads conclusions of law and not facts. Defendant also moved to strike the underscored portions of the declaration, heretofore quoted, assigning the same grounds, with the exception of No. 3, as were assigned in support of the demurrer.

The lower court sustained the demurrer and motion to strike, and on its own motion certified the following question to this Court: "In an action at law for wrongful death under Code 55-7-5, should allegations in Declaration that it was defendant's duty to stop his automobile as quickly as possible upon striking plaintiff (sic.) and render such assistance and aid as could be rendered, and that defendant negligently, carelessly and unlawfully failed to do so, be stricken upon defendant's Motion to Strike and Demurrer."

The only question that may be properly certified for review under the provisions of Code, 58-5-2, where a de-

murrer to a declaration has been sustained or overruled, is whether the declaration states a good cause of action. *Clayton* v. *Roane County Court,* 96 W. Va. 333, 123 S. E. 189. It is quite true that there is an allegation among others in the declaration that the defendant violated a duty owing to the deceased under the provisions of 17-C, Article 4, Sections 1 & 3, of the Code, as amended, and that this statute is primarily penal in its nature. That does not in itself render the declaration bad. It seems to be the rule in all jurisdictions that the violation of a valid statute or municipal ordinance, enacted for the benefit of others, if it be the proximate cause of an injury, protects one who is free from contributory negligence, and affords a right of action to the injured person. Perhaps this Court has adopted a minority view with regard to the civil liability imposed upon such a violator. Such an act is considered negligence per se, or as a matter of law by most jurisdictions, but the rule prevailing in this jurisdiction considers such a violation of a statute or ordinance only as prima facie evidence of negligence. *Tarr* v. *Keller Lumber and Construction Company,* 106 W. Va. 99, 144 S. E. 881.

The nature of the alleged violation by the defendant, under the provisions of the statute last mentioned, presupposes an "accident" and a subsequent wrongful act. Without the first dereliction, there can be no second one. Counsel for the plaintiff below relies upon the criminal case of *State* v. *Masters,* 106 W. Va. 46, 144 S. E. 718, as conclusive upon the question of whether it is necessary in a declaration to allege "knowledge" of the previous collision in order to validly allege the negligent breach of duty in the so-called "hit-and-run" driving thereafter. In that case, the trial court had sustained a demurrer to an indictment against the defendant charging him with "hit-and-run" driving, and the case was reviewed by this Court upon a writ of error granted to the State. The indictment was in the language of the statute, and did not charge knowledge of the accident preceding the alleged "hit-and-run" violation. The first syllabus point states:

"Ordinarily it is sufficient to allege an offense in the language of the statute. An indictment under section 97, Chapter 43, Code, need not allege that the defendant 'knowingly' had an accident, since knowledge is not made a part of the offense." In the opinion, the Court said: "The indictment is drawn in the language of the statute. Ordinarily such is sufficient * * *. The statute in the instant case does not make knowledge of the accident a part of the offense, and, under the general rule, it is not necessary for the state to so allege. To hold otherwise would be to defeat the very object of this statute, namely, the protection of the person and property of the travelling public from motorists who seek to dodge all responsibility in cases of accident on the highway to which they are parties. In most cases it would be impossible for the state to prove *scienter* beyond a reasonable doubt, while the accident itself might properly be proven." That is pretty strong language, and the Virginia Court in *Herchenbach* v. *Commonwealth,* 185 Va. 217, 38 S. E. 2d. 328, said that the only question before this Court in *State* v. *Masters, supra,* was whether the indictment was valid, without the allegation of knowledge of the accident on the part of the accused, and further stated that anything said in the opinion beyond that was "mere dicta". Perhaps that is true. However, for our purposes, it is enough to note that this Court did hold in *State* v. *Masters, supra,* that, even in a criminal case, it was not necessary to allege "knowledge" in a warrant or indictment for "hit-and-run" driving. Incidentally, in *Herchenbach* v. *Commonwealth, supra,* the Virginia Court held that while an indictment need not allege "knowledge" that it was incumbent upon the Commonwealth to prove knowledge beyond a reasonable doubt to sustain a conviction for "hit-and-run" driving. Apparently that precise question has not been heretofore presented to this Court for decision in a civil action, and, inasmuch as this case is before this Court upon certificate, we confine our holding to the specific question certified.

We hold that the allegation in the declaration that it was the duty of the defendant to stop his automobile as

quickly as possible upon striking plaintiff's decedent, render such assistance and aid as could be rendered, and that the defendant negligently, carelessly and unlawfully failed to do so, should not be stricken "upon defendant's Motion to Strike and Demurrer." Therefore, we answer the certified question in the negative, and assiduously avoid the temptation to comment by way of dictum upon the evidentiary problems with which the parties and the trial court may be confronted upon the trial of this action.

*Ruling reversed.*