Lyman Willis Hunt, Appellant, *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued September 11, 1974, before Judges Crum-LISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*John A. Burkhiser,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 25, 1974:

Lyman Willis Hunt (Hunt) appeals from an order of the Court of Common Pleas of Venango County which dismissed his appeal from the suspension of his motor vehicle operator's license by the Secretary of Transportation (Secretary), for a period of two months for a violation of Section 1027(d) of The Vehicle Code.[1]

The relevant facts are as follows: In the early evening of December 15, 1972, Hunt, in the midst of a light snowstorm, lost his way while driving to a company Christmas party at a local country club. Seeking enlightenment, he steered his automobile onto what he

---

[1] Act of April 29, 1959, P. L. 58, *as amended,* 75 P.S. §1027(d).

believed to be the driveway of a residential property. The ground was covered by a wet snow. His course having been plotted by the accommodating resident, Hunt backed the vehicle out onto the road, feeling as he progressed what he described to be a "little" spinning of his studded snow tires. The spinning, in fact, left two ruts eight inches deep and thirty-one feet long in the front lawn of the property. When Hunt went on without stopping to inform the owners of the indent, they immediately called the police, and a state trooper, in pursuing the clues, traced Hunt to the club. When he was confronted by the trooper who dutifully read his *Miranda* rights, Hunt admitted that he had left the tire tracks. He was thereafter arrested and charged with a violation of Section 1027(d) of The Vehicle Code, 75 P.S. §1027(d), which provides in part as follows: "The operator of any vehicle . . . which is involved in an accident with any . . . property which is unattended, shall immediately stop, and shall then and there either locate and notify the . . . owner or custodian of such unattended property, of the name and address of the operator and owner of the vehicle involved in such accident with the unattended . . . property, or shall leave in a conspicuous place, in or upon the unattended . . . property, a written notice, giving the name and address of the operator, and of the owner of the vehicle involved in such accident, and a statement of the circumstances thereof, and also shall, within twenty-four (24) hours, forward to the department a similar notice regardless of the amount of the damage done to such unattended . . . property."

In response to a summons and complaint, Hunt pleaded guilty to the statutory offense and paid the prescribed fine and costs. The conviction was thereafter reported to the Secretary, who suspended Hunt's operator's privileges for a period of two months pursuant to Section 618(b)(2) of The Vehicle Code, 77 P.S.

§618(b)(2). Hunt appealed this suspension to the court below which, after granting a supersedeas, conducted a de novo hearing, dismissed the appeal and reinstated the suspension. We affirm.

Our review in appeals of this nature is limited to a determination of whether or not the factual findings of the court below are supported by competent evidence and to correct erroneous conclusions of law, and we will not disturb the order of the court below on appeal absent a manifest abuse of discretion. *Bureau of Traffic Safety v. Jula,* 12 Pa. Commonwealth Ct. 140, 316 A. 2d 681 (1974). And, of course, it is for the trial judge hearing an appeal de novo, and not this Court to judge the credibility of the witnesses and to resolve all conflicts in the evidence. *Lindenmuth v. Bureau of Traffic Safety,* 12 Pa. Commonwealth Ct. 134, 316 A. 2d 141 (1974); *Commonwealth v. Toole,* 9 Pa. Commonwealth Ct. 202, 304 A. 2d 177 (1973). Considering our review function, we dismiss Hunt's initial argument that there is no competent evidence to support the trial court's finding that he knew that his vehicle had damaged the lawn at the time of the accident. Scienter is a necessary element in the proof of violation of Section 1027 (d). Hunt testified that: "I thought my tires did spin a little, and I got into the street and thought I had better come back the next morning and check into this . . . ." The state trooper testified that Hunt admitted to him that "he (Hunt) knew he damaged the yard when he was leaving the lawn and that he was going to return later and advise the property owner."[2] Although Hunt objected to the admissibility of this testimony on the grounds that it was the fruit of an illegal arrest, the alleged illegality of an arrest or other procedural defects relevant in a criminal proceeding do not

---

[2] Hunt did, in fact, return the next day and paid the owners the agreed $50.00 for the damage.

apply to a license suspension proceeding which is civil in nature. *Civitello v. Bureau of Traffic Safety,* 11 Pa. Commonwealth Ct. 551, 315 A. 2d 666 (1974).

Hunt's final argument is that the court below erred as a matter of law by its strict, technical construction of Section 1027 (d) of The Vehicle Code so as to reach an absurd result. This also is without merit. He cites our holding in *Commonwealth v. Stamoolis,* 6 Pa. Commonwealth Ct. 617, 297 A. 2d 532 (1972). *Stamoolis,* however, is clearly distinguishable inasmuch as the driver in that case, in the darkness of night struck two brick pillars situated at a point in a narrow road where had he remained in that position he would have blocked oncoming traffic. Using good judgment he moved his automobile from the immediate scene to "the nearest spot available for parking," until the police arrived. Here, Hunt proceeded to a club party without advising the owner of the damaged property of the incident, leaving to chance his possible apprehension. We are hard put to classify this violation of Section 1027 (d) as "technical." *Accord, Diamond v. Bureau of Traffic Safety,* 12 Pa. Commonwealth Ct. 260, 315 A. 2d 881 (1974).

There was neither an abuse of discretion nor an error of law in sustaining the two-month suspension.

Affirmed.