■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT CAMACHO, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered February 23, 1979, convicting him of rape in the first degree and burglary in the second degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the facts, indictment dismissed, and case remitted to the County Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Defendant's guilt was not proven beyond a reasonable doubt. Lazer, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT M. CONKLIN, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered August 4, 1977, convicting him of operating a motor vehicle while in an intoxicated condition and leaving the scene of an accident, upon a jury verdict, and imposing sentence. Judgment affirmed. The defense offered testimony attributing defendant's physical condition to a bruise he received in the accident. The People in rebuttal offered testimony as to his physical condition by a doctor who examined him at Grasslands Hospital where he went for treatment following the accident. The testimony of defendant's witnesses must be deemed to have been "given with his knowledge and consent" (see *Capron v Douglass,* 193 NY 11, 17), thus constituting a waiver of the physician-patient privilege (see *People v Al-Kanani,* 33 NY2d 260, 264). Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO D'ANGELO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 23, 1978, convicting him of assault in the third degree and leaving the scene of an accident, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, indictment dismissed and case remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The record lacks sufficient proof of any intent to cause physical injury, an essential element of the lesser included offense of assault in the third degree under the indictment in this case (which charged defendant with assault in the second degree). Similarly, there was insufficient proof that defendant knew that such injury had occurred when he left the scene of the incident. Defendant's actions in driving his truck forward and to the right were more consistent with an intention of leaving the area than with any objective of injuring the complainant who was running near the left rear of the truck. Hopkins, J. P., Damiani, Cohalan and Gibbons, JJ., concur.