Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Russell Shaner Adams, Appellee.

Argued May 5, 1980, before Judges Mencer, Rogers and Williams, Jr., sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Bradley L. Mallory* and *Ward T. Williams,* Assistant Attorneys General, and *Edward G. Biester, Jr.,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE WILLIAMS, JR., September 10, 1980:

This is an appeal by the Pennsylvania Department of Transportation (Department) from an order of the Court of Common Pleas of Allegheny County which reversed the Department's suspension of the motor vehicle operating privilege of Russell Shaner Adams, the instant appellee.

On September 17, 1977, Adams was involved in an accident while driving his automobile. However, he failed to stop his vehicle and remain at the scene, as required by Section 3743(a) of the Vehicle Code, 75 Pa. C. S. §3743(a). According to Adams he was unaware of the accident at the time of the occurrence; and he surrendered himself to local police the next day. Several days later, a district justice issued a citation formally charging Adams with the violation of the Vehicle Code. Without contesting the citation Adams paid the statutory fine. As a result, the Department suspended his license pursuant to Section 1532(b)(1) of the Code, 75 Pa. C. S. §1532(b)(1).

At the appeal hearing before the lower court, Adams testified that the local police had forewarned him that the citation would be issued. He further testified that the police led him to believe that if he paid the fine there would be "no further implications." Based on that testimony the lower court found that the local police had "misled" Adams to pay the fine, and sustained his appeal.

It must be said that it is difficult for us to imagine by what process the lower court found that Adams had been "misled" by the local police. Adams himself testified before the court that he probably knew, when he spoke to the police about the impending citation, that they had no control over the suspension of his license. However, we need not make the lower court's treatment of the evidence an element of our decision in this case.

Section 6501(b) of the Vehicle Code, 75 Pa. C.S. §6501(b), provides:

A *payment* by any person charged with a violation of this title of the *fine* prescribed for the violation is a *plea of guilty.* (Emphasis added.)

Thus, by paying the fine Adams had entered a plea of guilty to the violation charged. The sum of his argument to the lower court that his conviction, for which his license was suspended, was based on a guilty plea not knowingly and intelligently entered because he had been "misled" by the police. For the court below to even entertain that contention was error.

In *Bureau of Traffic Safety v. Brown,* 31 Pa. Commonwealth Ct. 620, 377 A.2d 1027 (1977), this Court held that an underlying criminal conviction may not be attacked in a subsequent suspension appeal, which is civil in nature. For a lower court to sustain a suspension appeal based on such a challenge to the criminal conviction is clearly an error of law. *Id.*

In the instant case, the lower court also declared that Adams' conviction of the Vehicle Code was "at best a technical violation", and that as such it should not have caused a suspension. Section 1532(b)(1) makes no such distinction. Furthermore, it was additional error for the court below to inquire into the facts of Adams' violation or to consider mitigating circumstances thereof; the issue is whether the licensee was convicted and not whether he should have been convicted. *Bureau of Traffic Safety v. Lea*, 34 Pa. Commonwealth Ct. 310, 384 A.2d 269 (1978).

For the reasons set forth in this opinion, we must reverse the order of the lower court.

### ORDER

AND Now, the 10th day of September, 1980, the order of the Court of Common Pleas of Allegheny County at No. SA 185 of 1978 is reversed, and the order of the Department of Transportation suspending the license of Russell Shaner Adams is reinstated.