470 A.2d 634

**COMMONWEALTH of Pennsylvania**

v.

**Gerald H. KAUFFMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 23, 1983.

Filed Dec. 30, 1983.

Petition for Allowance of Appeal Granted July 24, 1984.

Kenneth Lee Rotz, Gettysburg, for appellant.

Roy A. Keefer, Assistant District Attorney, Gettysburg, for Commonwealth, appellee.

Before WIEAND, CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

This appeal requires us to decide whether under certain circumstances a driver can be guilty of a violation of section

3743 of the Vehicle Code (duty to stop at the scene of an accident involving damage to attended property) despite his unawareness of having been in an accident.

On February 27, 1979, Roger T. Smith was driving his car north on South Franklin Street in Gettysburg. He stopped at the intersection of South Franklin and Chambersburg Streets, preparing to turn right onto Chambersburg Street.

At that time a moving van traveling west on Chambersburg turned left onto South Franklin in front of Smith's car. Smith saw that the van was turning too short and blew his horn and tried to back up. Before he could do so the left rear wheel well of the van caught the left front of Smith's car, pushing the car about five feet and crushing its bumper and fender against its wheel. The van did not stop or slow down, but continued normally on down South Franklin Street.

Mr. Smith turned his car around and followed the van out of Gettysburg, but could not catch up with it because of traffic. He stopped at a Pennsylvania State Police barracks along the route and reported the accident. The desk officer at the barracks pursued the van and soon caught up with it. Upon stopping the van, the officer observed that it was damaged near the left rear wheel. The van driver, Gerald Kauffman, explained that he was unaware his van had struck the Smith auto. Kauffman voluntarily returned to the scene with the state trooper.

Harvey Baker, a pedestrian, and David Lutcher, driving his automobile behind the van, had also witnessed the accident. Baker saw and heard the impact and took the van's license number. Lutcher, who had his radio on and his windows up, saw the collision but heard nothing.

Gettysburg police cited Kauffman for a violation of 75 Pa.C.S. § 3743, which reads:

Accidents involving damage to attended vehicle or property.

(a) General rule.—The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other

property which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.

(b) Penalty.—Any person violating this section is guilty of a summary offense, punishable by a fine of $300 or imprisonment for not more than 90 days, or both.

Kauffman was found guilty of the offense at a hearing before a district justice, and at a trial de novo before President Judge Oscar F. Spicer of the Adams County Court of Common Pleas. Kauffman was sentenced to pay a fine of $300 and court costs, and he appealed. President Judge Spicer filed an opinion pursuant to Pa.R.A.P. 1925(c), reported at 21 Adams L.J. 154 (1980).

On appeal, we vacated sentence and remanded for filing of post-verdict motions nunc pro tunc. *Commonwealth v. Kauffman,* 298 Pa.Super. 375, 444 A.2d 1222 (1982).

After an evidentiary hearing, President Judge Spicer reimposed the original sentence on August 9, 1982.

Kauffman again appeals, contending that the trial court applied an erroneous standard of law to find him guilty. The court ruled that the evidence was sufficient to prove the offense where it showed that Kauffman was negligently unaware of having been involved in the accident. Kauffman, conceding the propriety of the trial court's findings, argues that the statute requires actual knowledge on the part of the defendant that he has been in an accident.

The statute in question, 75 Pa.C.S. § 3743, was enacted as part of the Vehicle Code of 1976, P.L. 162, No. 81 (effective July 1, 1977), and derives from section 10–103 of the Uniform Vehicle Code and Model Traffic Ordinance (1968 version). On its face section 3743 prescribes no particular mental state. And although the issue of lack of knowledge has been raised before under the section, until this case our

courts had not decided whether knowledge or any other culpable mental state is an element of the offense. *See Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Schmidt,* 57 Pa.Cmwlth. 318, 426 A.2d 1222 (1981); *Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Adams,* 53 Pa.Cmwlth. 636, 419 A.2d 233 (1980); *Commonwealth v. Constabile,* 21 Pa.D. & C.3d 361 (C.P. Fayette Co.1981).

However, courts in other states have interpreted similar hit and run statutes, many of them derived from the Uniform Vehicle Code, that are silent as to mental culpability. *See State v. Feintuch,* 150 N.J.Super. 414, 375 A.2d 1223 (App.Div.1977) (at time of decision thirty-four states had adopted hit and run statutes in substantial conformity with the Code). We should properly consider these interpretations in deciding the question before us. *See* 1 Pa.C.S. § 1927.

A review of other jurisdictions with statutes like ours lends substantial support to appellant's argument. A strong majority holds that a driver must have subjective, conscious knowledge of the accident to be guilty of hit and run. The major division appears to be over the state's burden to prove driver awareness of the injury or damage he has caused. *See generally* Annot., 23 A.L.R.3d 497, § 3 (1969 & Supp.1983); 7A Am.Jur.2d, *Automobiles and Highway Traffic* § 290 (1980 & Supp.1983).

At one extreme of the spectrum is the holding that a driver is not obliged to stop at the scene of an accident involving death or personal injury unless he is actually, consciously aware both that he has been in a collision and that death or injury has resulted. *State v. Fearing,* 304 N.C. 471, 284 S.E.2d 487 (1981) (plurality opinion).[1] *Accord, State v. Etchison,* 188 Neb. 134, 195 N.W.2d 498 (1972); *State v. Snell,* 177 Neb. 396, 128 N.W.2d 823 (1964); *see*

---

**1.** This extreme view was opposed by three justices of the North Carolina Supreme Court, who believed that knowledge of the collision alone triggered the duty to stop. Two justices concurred in the result on grounds of stare decisis, while urging the legislature to adopt the dissenters' view.

*also State v. Parish,* 79 Idaho 75, 310 P.2d 1082 (1957). *Cf.* 75 Pa.C.S. § 3742 (accidents involving death or personal injury).

A more widespread view finds expression in *People v. Holford,* 63 Cal.2d 74, 403 P.2d 423, 45 Cal.Rptr. 167 (1965), decided under section 20001 of the California Vehicle Code, making it a felony for a driver to fail to stop a vehicle "involved in an accident resulting in injury":

> [P]revious cases have said that knowledge of injury is an essential element of the crime proscribed by that section. Usually, however, such knowledge must be derived from the surrounding facts and circumstances of the accident. Yet the driver who leaves the scene of the accident seldom possesses actual knowledge of injury; by leaving the scene he forecloses any opportunity to acquire such actual knowledge. Hence a requirement of actual knowledge of injury would realistically render the statute useless. We therefore believe that criminal liability attaches to a driver who knowingly leaves the scene of an accident if he actually knew of the injury or if he knew that the accident was of such a nature that one would reasonably anticipate that it resulted in injury to a person.

63 Cal.2d at 79, 403 P.2d at 427, 45 Cal.Rptr. at 170–71 (citations omitted).[2] *Accord, People v. Ryan,* 116 Cal. App.3d 168, 171 Cal.Rptr. 854 (1981). This interpretation, requiring subjective knowledge of the collision while holding the driver to a stricter reasonable man standard as to the fact or extent of injury, appears to meet with approval in the following cases: *Touchstone v. State,* 42 Ala.App. 141, 155 So.2d 349 (1963); *Kimoktoak v. State,* 584 P.2d 25 (Alaska 1978); *State v. Blevins,* 128 Ariz. 64, 623 P.2d 853 (Ariz.App.1981); *State v. Porras,* 125 Ariz. 490, 610 P.2d 1051 (Ariz.App.1980); *State v. Carpenter,* 334 N.W.2d 137 (Iowa 1983); *State v. Miller,* 308 N.W.2d 4 (Iowa 1981); *State v. Wall,* 206 Kan. 760, 482 P.2d 41 (1971); *Herchen-*

---

**2.** The court noted, however, that under section 20002, which like our section 3743 dealt with accidents involving only property damage, neither knowledge of injury nor knowledge of the nature of the accident is required for a conviction. *Id.* n. 3.

*bach v. Commonwealth*, 185 Va. 217, 38 S.E.2d 328 (1946); *State v. Sidway*, 139 Vt. 480, 431 A.2d 1237 (1981).

Some courts hold that subjective knowledge of the impact alone is sufficient to require the driver to stop and investigate, apparently regardless whether a reasonable person might have thought no injury or damage was involved. *People v. Nunn*, 77 Ill.2d 243, 32 Ill.Dec. 914, 396 N.E.2d 27 (1979); *State v. Feintuch*, supra; *State v. Minkel*, 89 S.D. 144, 230 N.W.2d 233 (1975); *Brown v. State*, 600 S.W.2d 834 (Tex.Cr.App.1980); *Williams v. State*, 600 S.W.2d 832 (Tex.Cr.App.1980); *Goss v. State*, 582 S.W.2d 782 (Tex.Cr. App.1979); *State v. Martin*, 73 Wash.2d 616, 440 P.2d 429 (1968), *cert. denied*, 393 U.S. 1081, 89 S.Ct. 855, 21 L.Ed.2d 773 (1969); *State v. Vela*, 33 Wash.App. 599, 656 P.2d 536 (1983).

In one case, the West Virginia Supreme Court appears to allow that a driver may be found guilty of hit and run even without any knowledge that he had been in an accident. In *State v. Masters*, 106 W.Va. 46, 144 S.E. 718 (1928), the court held that an indictment charging hit and run need not allege knowledge, since the applicable hit and run statute did not make knowledge a part of the offense. The court said:

> To hold otherwise would be to defeat the very object of the statute, namely, the protection of the person and property of the traveling public from motorists who seek to dodge all responsibility in cases of accident on the highway to which they are parties. In most cases it would be impossible for the state to prove scienter beyond a reasonable doubt, while the accident itself might properly be proven.

*Id.* at 48, 144 S.E. at 718. *See also Brumfield v. Wofford*, 143 W.Va. 332, 102 S.E.2d 103 (1958).

It is unclear whether the *Masters* court was suggesting a reduced level of mental culpability for hit and run, such as reckless or negligent unawareness of the accident, or whether it was dispensing with mental culpability altogeth-

er and declaring an absolute liability offense whenever an accident occurred and a driver did not stop.

The view that a driver could ever be found guilty if he did not actually, subjectively know of the accident was roundly criticized in *Kimoktoak v. State, supra:*

> We find error in the court's instructing the jury that it could find knowledge of injury "where the circumstances were such that they would lead a reasonably prudent person to assume that an accident resulting in injury" must have occurred. It is not the reasonable person who is on trial but the defendant and it is the defendant's knowledge which must be proved and not that of a hypothetical reasonable person. The standard we have enunciated does speak in terms of reasonableness in that the evidence must at least show that the accused knew that the accident was of the sort that one would "reasonably anticipate" would cause personal injury. However, it must be shown that the *defendant* knew of the nature of the accident before the jury can then determine whether such knowledge would reasonably lead one to conclude that injury had occurred.

584 P.2d at 32. The court also based its criticism of a "reasonable person" standard on the fact that the hit and run statutes impose positive duties on the defendant to stop, give information, and render aid. The court found it illogical to impose positive duties on a person who is not consciously aware of the facts giving rise to those duties. *Accord, State v. Miller, supra; State v. Snell, supra; see Goss v. State, supra; and compare State v. Dougherty,* 358 Mo. 734, 216 S.W.2d 467 (1949) (under hit and run statute with "knowing" requirement, defendant must have actual knowledge of injury, more than mere constructive knowledge or negligent failure to know) *with City of North Olmsted v. Gallagher,* 2 Ohio App.3d 414, 442 N.E.2d 470 (1981) (under statute with "knowing" requirement, necessary elements include knowledge of accident and awareness that personal injury is probable consequence of accident) (*but see* concurring opinion by Day, P.J.). *See also People*

*v. D'Angelo,* 72 A.D.2d 607, 421 N.Y.S.2d 228 (1979) (statute requiring knowledge); *Cuyahoga Falls v. Wuchter,* 31 Ohio App.2d 71, 286 N.E.2d 322 (1972).

Conversely, other cases support the position that it is not entirely unreasonable to hold a driver liable for failure to stop not only where he positively knows he has been in an accident, but also where the circumstances would indicate to a reasonable person that he had been in an accident. For example, in *State v. Minkel, supra,* the South Dakota Supreme Court, while adhering to a knowledge standard, stated that any collision serious enough to cause a death may in itself sufficiently prove knowledge on the driver's part, absent extraordinary circumstances. Similarly, the court in *State v. Feintuch, supra,* stated that proof of the impact of a collision alone might raise an inference of knowledge sufficient to withstand a judgment of acquittal. And the Supreme Court of Rhode Island, interpreting a statute with an explicit knowledge requirement, said:

> Under this type of statute, the requisite *scienter* is not limited to the actual knowledge of the driver. A violation of the statute also occurs in cases in which the evidence indicates that the driver reasonably should have known that he was involved in an accident resulting in injury or death.

*State v. Szarek,* 433 A.2d 193, 197 n. 5 (R.I.1981). *See also People v. Nunn,* 65 Ill.App.3d 981, 22 Ill.Dec. 607, 382 N.E.2d 1305 (1978), *aff'd in People v. Nunn, supra.*

The standard enunciated by the *Szarek* court—that a driver who leaves the scene of an accident will be held accountable if he knew or reasonably should have known of his involvement in the accident—is in effect the same standard used by the trial court in deciding the case now before us. The court found that Kauffman's alleged lack of knowledge of the collision rose to the level of mental culpability described in 18 Pa.C.S. § 302(b)(4):

> A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material ele-

ment exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

In the language of the statute, the "material element" of the offense the risk of which Kauffman negligently and unreasonably in the circumstances failed to perceive, was the fact of collision with the Smith auto.

Kauffman argues, however, that the trial court's application of the culpability standard of section 302(b)(4) to a case of hit and run is precluded by settled Pennsylvania authority.

Under prior Pennsylvania hit and run statutes that similarly contained no knowledge requirement, our appellate courts said that knowledge of the accident or of the consequent damage or injury was an element of the offense. *Hunt v. Commonwealth, Department of Transportation, Bureau of Traffic Safety,* 15 Pa.Cmwlth. 505, 327 A.2d 392 (1974); *Commonwealth v. Buckley,* 197 Pa.Super. 266, 177 A.2d 107 (1962) (Vehicle Code of April 29, 1959, P.L. 58, § 1027, 75 P.S. § 1027); *Commonwealth v. Adams,* 146 Pa.Super. 601, 23 A.2d 59 (1942) (dictum); *Commonwealth v. Hyman,* 117 Pa.Super. 585, 178 A. 510 (1935) (Act of May 1, 1929, P.L. 905, § 1025, as amended); *Commonwealth v. Zeitler,* 79 Pa.Super. 81 (1922) (dictum) (Act of June 20, 1919, P.L. 675, § 23).

In *Hunt* the Commonwealth Court stated that "scienter" was a necessary element of leaving the scene of an accident involving property damage. However, the defendant in *Hunt* had admitted to police that he knew when he left the scene of the accident that he had caused property damage. The defendants in *Buckley, Adams, Hyman,* and *Zeitler* had each stopped to investigate at the scene of the personal injury accident in which he was involved. Each of these defendants, then, had some conscious awareness that there

had been an accident, although he may not have known the extent of the injury or damage involved.

In none of these cases, therefore, did the court have occasion to distinguish between actual knowledge and knowledge reasonably chargeable to the defendant by virtue of the circumstances of the accident. Insofar as there was some degree of actual knowledge in each of these cases, we do not believe they can be read to rule out a conviction for leaving the scene of an accident which the defendant reasonably *should* know he has been involved in. Indeed, some of our lower courts have interpreted these opinions as not necessarily requiring actual, positive knowledge on the part of the defendant. *Commonwealth v. English,* 53 Pa.D. & C.2d 668 (C.P. Warren Co.1971) (intoxication preventing awareness); *Commonwealth v. Brougher,* 26 Somerset Co. 169 (1970) (know or have reason to know of vehicle coming into contact with other property); *Commonwealth v. Woodward,* 7 Pa.D. & C. 775 (Q.S. Montgomery Co.1926) (knows or should know); *Commonwealth v. Ebersole,* 2 Pa.D. & C. 782, 25 Dauph.Co. 461 (1922). *Cf. Commonwealth v. Campbell,* 40 Northumberland Leg.J. 192 (1968); *Glassow License,* 37 Pa.D. & C.2d 61 (C.P. Bucks Co.1965); *Commonwealth v. Wolf,* 75 York Leg.Rec. 195 (1962); *Commonwealth v. Appell,* 69 York Leg.Rec. 25 (1955).

It is also important to note that under our vehicular homicide act, 75 Pa.C.S. § 3732, the Supreme Court has upheld a "knew or should have known" standard of mental culpability. Section 3732 makes it a first-degree misdemeanor to unintentionally cause death while engaged in conduct constituting a motor vehicle or traffic violation. Although the statute is silent as to mens rea, the Court has held that the element is satisfied where the defendant "knew or should have known" that his conduct violated the Vehicle Code and that death was a "probable consequence" of that conduct. *Commonwealth v. Field,* 490 Pa. 519, 417 A.2d 160 (1980); accord, *Commonwealth v. Hicks,* 502 Pa.

344, 466 A.2d 613 (1983); *Commonwealth v. Field,* 490 Pa. 519, 417 A.2d 160 (1980).

 Leaving the scene of an accident involving damage to attended property is declared by 75 Pa.C.S. § 3743(b) to be a summary offense punishable by no more than a $300 fine and ninety days in prison. *Cf., e.g.,* Vehicle Code of 1959, § 1027(a) (misdemeanor punishable by up to three years in prison). The culpability requirements of section 302 of the Crimes Code are applicable to summary offenses only if "the requirement involved is included in the definition of the offense or the court determines that its application is consistent with effective enforcement of the law defining the offense...." 18 Pa.C.S. § 305(a)(1). The learned president judge of Adams County determined that it was consistent with effective enforcement of the hit and run law to hold liable the operator of a motor vehicle who failed to stop at the scene of an accident because he unreasonably was not aware he had been in it. Of course, under this construction of the statute a driver who does not know of his involvement in an accident cannot be convicted of leaving the scene unless his lack of knowledge is unreasonable in the circumstances. We agree that this is the proper construction, and hold that the duty to stop under section 3743 arises whenever a driver knows, or in the exercise of reasonable care should know, that his vehicle has been involved in an accident. To hold otherwise would advise drivers to remain oblivious, howsoever unreasonably, to the effects of their driving on fellow motorists. The present case, in which the driver of a large truck rounded a corner too sharply and struck a stationary car, yet failed to respond to the impact or the noise of the blowing horn, illustrates the point.

Affirmed.

WIEAND, J., files a concurring statement.

WIEAND, Judge, concurring:

I concur. Common sense and justice alike dictate that a person cannot be held criminally responsible for leaving the

scene of an accident when such person has no knowledge that a collision has occurred. However, absolute, positive knowledge of the accident is not essential. It is enough that the circumstances are such that knowledge on the part of the driver can reasonably be inferred. A mere denial of knowledge is not a defense. If the collision occurred under circumstances that ordinarily cause a reasonable person to believe he or she has been involved in a collision, the law imposes a duty to stop and investigate. See: Fisher, Vehicle Traffic Law, rev. ed. 1974, p. 190.

Although it must be shown that the driver knew or should have known that he or she was involved in an accident, guilt or innocence does not depend upon knowledge of injury or damage. It is enough that the driver have knowledge that he or she was involved in an accident.