J-S79044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
AARON JAMES BRESSI, :
:
Appellant : No. 1887 MDA 2017

Appeal from the Judgment of Sentence November 20, 2017
in the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0001513-2016

BEFORE: SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 12, 2019**

Aaron James Bressi ("Bressi") appeals from the judgment of sentence imposed following his conviction of two counts of terroristic threats, and one count each of aggravated assault, simple assault, stalking, recklessly endangering another person, careless driving and accidents involving damage to attended vehicle (hereinafter referred to as "accidents involving damage").[1]

Relevant to this appeal, on Friday, September 30, 2016, Bressi approached his ex-girlfriend, Kimberly Rickert ("Rickert"), in the parking lot of a Dollar General Store in Coal Township. N.T., 10/26/17, at 46. According to Rickert, Bressi pulled his vehicle in front of Rickert, "and got out of his car

---

[1] *See* 18 Pa.C.S.A. §§ 2706, 2702, 2701, 2709.1, 2705; 75 Pa.C.S.A. §§ 3714, 3743. Bressi was acquitted of the charges of institutional vandalism, *see* 18 Pa.C.S.A. § 3307, and duty to give information and render aid, *see* 75 Pa.C.S.A. § 3744.

and started screaming and yelling at me." ***Id.*** at 49. Rickert continued walking toward her car, ignoring Bressi. ***Id.*** Rickert drove out of the Dollar General parking lot and to a convenience store, to pick up cigarettes. ***Id.*** at 49-50. Upon leaving the convenience store, Rickert stopped at a stop sign. ***Id.*** at 49. At that time, Bressi rammed his vehicle into the front of Rickert's vehicle. ***Id.*** Bressi then exited his vehicle, and "started yelling and kicking" Rickert's vehicle. ***Id.*** Rickert backed up her vehicle and fled the scene, driving toward a Walmart store.[2] ***Id.*** Bressi chased Rickert in his own vehicle. ***Id.*** at 49. Rickert, initially believing that she had eluded Bressi's vehicle, encountered him again at a red light. ***Id.*** at 52. At that time, Rickert drove into an Advance Auto Parts parking lot, at which time Bressi again rammed Rickert's vehicle. ***Id.***

Denise Carnuccio ("Carnuccio") testified that she observed Bressi's second altercation with Rickert, at the stop sign, and the third altercation at the Advance Auto Parts parking lot. ***Id.*** at 77-78. Carnuccio stated that in the parking lot, Bressi "T-Bon[ed]" Rickert's vehicle. ***Id.*** at 78. According to Carnuccio,

> [Bressi] just kept putting [his vehicle] in reverse and going forward. [Rickert] was trying to back up and get away. He kept backing up and hitting her. When she was finally able to turn around, he backed up and hit her again. She got to the exit and she went one way, and he went the other way.

---

[2] Rickert did not stay to ask for Bressi's insurance information, as she feared for her safety. ***Id.*** at 71.

*Id.* Bressi contacted the police before returning to his residence. *Id.* at 109. Police officers subsequently arrested Bressi as he arrived at his residence. *Id.* at 109.

Following a jury trial, Bressi was convicted of the above-described charges. The trial court subsequently sentenced Bressi to an aggregate prison term of 4-8 years. Thereafter, Bressi filed the instant, timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Bressi presents the following claim for our review:

WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT [BRESSI'S] MOTION FOR ACQUITTAL ON COUNT 4 OF THE INFORMATION, THAT IS, WHETHER THE EVIDENCE WAS SUFFICIENT TO CONVICT [BRESSI] OF VIOLATING 75 PA.C.S.A. § 3743: ACCIDENTS INVOLVING DAMAGE[?]

Brief for Appellant at 4.[3]

Bressi challenges the sufficiency of the evidence underlying his conviction of accidents involving damage. *Id.* at 9. Bressi argues that he drove directly from the scene of the accident to his home, immediately called 911, reported the accident, and answered the operator's questions about the accident. *Id.* at 10. Bressi contends that he met with officers at his home, and cooperated by answering their questions. *Id.* According to Bressi, "[t]he main thing that prevented him from sharing further information[,] such as

---

[3] For his conviction of accidents involving damage, the trial court sentenced Bressi to a concurrent prison term of four months to one year.

[his] registration number and insurance information[,] was the fact that [he] was immediately arrested." ***Id.*** Bressi asserts that he did not seek to avoid criminal or civil liability for the accident, but "was the one who invited law enforcement into the situation[.]" ***Id.*** Thus, Bressi argues, he substantially complied with Vehicle Code section 3743. ***Id.*** On this basis, Bressi claims that he should have been acquitted of this offense. ***Id.***

In reviewing a challenge to the sufficiency of the evidence,

> [t]he standard we apply … is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Fabian***, 60 A.3d 146, 150-51 (Pa. Super. 2013) (citation omitted).

Vehicle Code section 3743 provides as follows:

> **(a) General rule.** — The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as

possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.

**(b) Penalty.** — Any person violating this section commits a misdemeanor of the third degree, punishable by a fine of $ 2,500 or imprisonment for not more than one year, or both.

75 Pa.C.S.A. § 3743. "[T]he duty to stop under section 3743 arises whenever a driver knows, or in the exercise of reasonable care should know, that his vehicle has been involved in an accident." *Commonwealth v. Kauffman*, 470 A.2d 634, 640 (Pa. Super. 1983).

The evidence, viewed in a light most favorable to the Commonwealth, reflects that on September 30, 2016, while Rickert was stopped at a stop sign, Bressi rammed his vehicle into Rickert's vehicle. N.T., 10/26/17, at 49. Bressi then exited his vehicle, and "started yelling and kicking" Rickert's vehicle. *Id.* Thus, the evidence reflects that although Bressi knew or should have known that his vehicle had been involved in an "accident," he did not attempt to give information or render aid to Rickert. *See* 75 Pa.C.S.A. § 3743(a). Instead, Bressi's actions prompted Rickert to immediately leave the scene. *See* N.T., 10/26/17, at 71.

The evidence further reflects that, while Rickert subsequently was stopped at a red light, Bressi did not attempt to give Rickert his information, but again struck her vehicle with his own vehicle. *See id.* at 52, 78. The evidence also shows that in the Advance Auto Parts parking lot, Bressi did not

- 5 -

attempt to give his information to Rickert, but again struck Rickert's vehicle with his own vehicle. ***See id.*** at 78. Thus, the evidence is clearly sufficient to sustain Bressi's conviction of (at a minimum) one count of accidents involving damage. Consequently, we cannot grant Bressi relief on this claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/12/2019