J-S20014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RODOLFO PENA | : | |
| | : | |
| Appellant | : | No. 1300 MDA 2023 |

Appeal from the Judgment of Sentence Entered August 22, 2023
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-SA-0000015-2023

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: AUGUST 12, 2024**

Appellant, Rodolfo Pena, appeals from the judgment of sentence entered on August 22, 2023, following his bench trial convictions for the summary offenses of accidents involving damage to unattended vehicle or property and careless driving.[1]  We affirm.

The trial court summarized the facts of this case as follows:

[Appellant, a commercial truck driver, was operating] his tractor trailer in the early morning hours of May 11, 2023, in Milton, Pennsylvania.  Due to his attempt to make a U-turn after arriving at the wrong destination, [Appellant] drove up over a curb, ran over a stop sign, and knocked down a utility pole.  The power lines touched[,] setting off several [explosive] sounds, as well as flashes, cutting [off] power to part of [Northumberland County].

*          *          *

---

[*] Former Justice specially assigned to the Superior Court.

[1]  75 Pa.C.S.A. §§ 3745(a) and 3714, respectively.

[The trial court held a bench trial on August 22, 2023, wherein t]he Commonwealth presented … eyewitnesses to [Appellant's] improper U-turn, the trailer going up over the curb, knocking over the stop sign and striking the utility pole with such force as to shear it off at the bottom.  There was photographic evidence of tire marks leading over the curb, the downed stop sign, and the broken pole.

The investigating police officers were in another part of town [but] the collision [was] so loud they heard the explosions from their remote location, and observed flashes in the sky.  [The officers drove toward the location where they heard the explosions and saw the flashes and] located [Appellant] in his truck[.  He] denied any involvement when questioned [and] testified at [trial] that he did not hear any noises.

*          *          *

Moreover, [trial] testimony established that [Appellant] did not stop to report the [accident] immediately[.  An] eyewitness [testified that Appellant] just kept going after hitting the pole.  [Appellant] eventually parked a half a block away to [get] directions to his intended destination.  There was no effort or attempt to contact anyone about property damage.

Trial Court Opinion, 11/20/2023, at *1-2 (unpaginated).

Following the bench trial, the trial court found Appellant guilty of the aforementioned charges.  By order entered on August 22, 2023, the trial court sentenced Appellant to an aggregate fine of $325.00, plus court costs.  This timely appeal resulted.[2]

On appeal, Appellant presents the following issue for our consideration:

_____

[2]  On August 22, 2023, Appellant filed a notice of appeal.  On September 19, 2023, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant complied on October 13, 2023.  On November 20, 2023, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

1. Was there sufficient evidence to convict Appellant beyond a reasonable doubt under the facts of this case with regard to [Appellant's] behavior before and after the accident?

Appellant's Brief at 10.[3]

Appellant argues that "a violation of [75 Pa.C.S.A. §] 3745 should be found whenever a driver knows, or in the exercise of reasonable care, should have known his vehicle has been in an accident" but, in this case, the Commonwealth failed to provide sufficient evidence that Appellant knew an accident occurred. *Id.* at 18. Appellant contends that "Pennsylvania courts have found that proof of *mens rea* [] is required for conviction under" Section 3745, but he points out that the requisite *mens rea* was not proven here. *Id.* at 20. In sum, Appellant maintains:

Applied to this case, it is apparent that there was insufficient evidence presented to establish beyond a reasonable doubt that Appellant knew, or in the exercise of reasonable care should have known, that his vehicle had been involved in an accident.

Regarding the behavior of Appellant, [] Appellant made an error as to where [] he was to deliver his load of goods. He was directed by [a s]ecurity [g]uard to the Weis Market location. [] Appellant testified that he neither felt [n]or heard the commercial tractor-trailer scrape the pole. Appellant testified that the truck was 72-feet long. It was the trailer part of the commercial vehicle that struck the pole. There was no indication that the tractor part of the tractor-trailer made contact with anything. [A police officer testified] that the truck was very close to the scene. When officers arrived on scene, the truck was easily located because of its close proximity to where the accident occurred. Furthermore, the

_____

[3] We note, Appellant only challenges his conviction for accidents involving damage to unattended vehicle or property pursuant to 75 Pa.C.S.A. § 3745(a). *See* Appellant's Brief at 25 ("With respect to 75 Pa.C.S.A. § 3714(a), counsel for Appellant[] concedes that the facts of the case [were] sufficient to convict[] Appellant of the [c]areless [d]riving charge.").

driver provided his information to [the police]. Appellant's information was correct and [he] was released from the scene. In view of Appellant's behavior, in that he did not immediately stop, but remained 'very close' to the scene[, which showed that] Appellant did not realize that the accident had occurred. Furthermore, this is not an instance of a case in which the officer had to 'flag down' [] Appellant.

In summation, in view of [] Appellant proceeding from the [wrong] site to the Weis Market site, and stopping, [] Appellant should not have been found guilty of [accidents involving damage to unattended vehicle or property pursuant to] 75 Pa.C.S.A. [§] 3745(a) as [] Appellant did not leave the scene as he was in close proximity. While [] Appellant may have struck or 'hit' unattended property, he did not 'run' from the scene as indicated by his behavior.

*Id.* at 23-25 (record citation omitted).

Appellant essentially argues that the trial court should have credited his testimony that he did not know he was involved in an accident. However, as this Court has explained:

Appellant's challenge goes to the weight, not the sufficiency, of the evidence. *See Commonwealth v. Melvin*, 103 A.3d 1, 43 (Pa. Super. 2014) ("An argument regarding the credibility of a witness' testimony goes to the weight of the evidence, not the sufficiency of the evidence."); *Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) ("variances in testimony go to the credibility of the witnesses and not the sufficiency of the evidence").

Our Supreme Court has confirmed that an "appellant's challenge to the sufficiency of the evidence must fail" where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that appellant provides goes to the weight of the evidence. *Commonwealth v. Small*, 741 A.2d 666, 672 (Pa. 1999). Accordingly, [such a] sufficiency claim lacks merit.

***Commonwealth v. Peifer***, 239 A.3d 52 (Pa. Super. 2020) (non-precedential decision).[4] Here, because Appellant provided an appellate argument that goes to the weight of the evidence but challenges the sufficiency of the evidence, his sole claim fails for this reason.

Moreover,

[i]n reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Peralta***, 311 A.3d 1, 4 (Pa. Super. 2024).

Appellant was convicted of accidents involving damage to unattended vehicle or property, which provides:

**(a) General rule.--**The driver of any vehicle which collides with or is involved in an accident with any vehicle or other property which is unattended resulting in any damage to the other vehicle or property shall immediately stop the vehicle at the scene of the accident or as close thereto as possible and shall then and there either locate and notify the operator or owner of the damaged vehicle or other property of his name, address, information relating to financial responsibility and the registration number of the vehicle being driven or shall attach securely in a conspicuous place in or on the damaged vehicle or other property a written notice giving his name, address, information relating to financial

_____

[4] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

responsibility and the registration number of the vehicle being driven and shall without unnecessary delay notify the nearest office of a duly authorized police department. Every stop shall be made without obstructing traffic more than is necessary.

75 Pa.C.S.A. § 3745(a).

Our Court has previously determined:

In Pennsylvania, we already have had occasion to review another [almost identical] hit-and-run statute, 75 Pa.C.S.A. § 3743, accidents involving damage to **attended** vehicle or property, which provides:

(a) General rule.—The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.

In **_Commonwealth v. Kauffman_**, 470 A.2d 634 (Pa. Super. 1983), the defendant was found guilty of violating 75 Pa.C.S.A. § 3743. He claimed at trial that he was not aware that he struck a car and did not violate the statute. On appeal, he contended that the trial court applied an erroneous standard of law to find him guilty [and] that the statute required that the motorist actually be aware that he was involved in an accident.

In **_Kauffman_**, we noted that 75 Pa.C.S.A. § 3743 contains no element regarding a particular mental state and then examined the case law of jurisdictions interpreting similar hit-and-run statutes, observing that many of them also are silent as to mental culpability. Our review in **_Kauffman_** established that, in those jurisdictions, different approaches were utilized when a statute is silent as to a mental culpability requirement: one approach demanded actual knowledge of both collision and injury, another approach required that the evidence indicate that a reasonable man under the circumstances either knew or should have known that he was involved in an accident, and a third approach imposed strict liability.

- 6 -

In **Kauffman**, we adopted the second approach for purposes of 75 Pa.C.S.A. § 3743, concluding that the Commonwealth had to prove beyond a reasonable doubt the following scienter element as a prerequisite to a conviction under accidents involving damage: that the circumstances of the accident indicate that the defendant reasonably should have known that he or she was involved in an accident involving damage, as defined in 18 Pa.C.S.A. § 302(b)(4):

> (4) A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

In **Kauffman**, we affirmed the trial court's conclusion that the evidence was sufficient to establish that the driver knew or should have known that he was involved in an accident involving damage to a car. **See also Commonwealth v. Karl**, 490 A.2d 887 (Pa. Super. 1985) (same).

**Commonwealth v. Woosnam**, 819 A.2d 1198, 1205–1206 (Pa. 2003) (emphasis added).

In this case, "[w]hen police officers located [Appellant] in his truck he denied any involvement" in the property damage and likewise "testified … that he did not hear any noises." Trial Court Opinion, 11/20/2023, at *2 (unpaginated). However, the trial court found that "[i]t was incredulous that [Appellant] here did not know he ran over a stop sign and sheared a utility pole that caused several explosion[s] which were so loud they could be heard in another part of the borough by two police officers." **Id.** The trial court

ultimately determined that Appellant "could not reasonably be so oblivious."

***Id.***

Based on our standard of review and applicable caselaw, we agree with the trial court's assessment and conclude that there was sufficient evidence to support Appellant's conviction under 75 Pa.C.S.A. § 3745(a). Under the facts of the instant matter, in the exercise of reasonable care, Appellant should have known he was involved in an accident. As such, the trial court did not abuse its discretion or err as a matter of law in finding sufficient evidence to support Appellant's conviction for accidents involving damage to unattended vehicle or property. Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/12/2024