J-S01009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| IBRAHIM OUEDRAOGO | : | |
| | : | |
| Appellant | : | No. 549 MDA 2021 |

Appeal from the Judgment of Sentence Entered April 9, 2021
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-SA-0000002-2021

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                **FILED: JANUARY 13, 2022**

Ibrahim Ouedraogo appeals from the judgment of sentence of a $300 fine and costs following his conviction of a summary vehicle code violation. We affirm.

The trial court offered the following summary of the facts of this case:

> On November 25, 2020, Pennsylvania State Police Trooper Jacob Brian Walker ("Trooper Walker") was dispatched to the residence of Rick Allen Baer ("Baer") to investigate property damage allegedly caused by a tractor trailer.  Baer informed Trooper Walker that while in his residence, he heard the sound of a tractor trailer's engine followed by loud popping and cracking noises.  Bear subsequently looked out of his window and saw a tractor trailer lodged against the pine trees that bordered his home.  Baer testified that the tractor trailer had driven onto his property while attempting to make a left turn onto a narrow secondary road.  The tractor trailer drove away as Baer approached the driver.  In doing so, the tractor trailer broke approximately fifteen branches off of three pine trees and caused

---

[*] Retired Senior Judge assigned to the Superior Court.

significant damage to Baer's lawn. Baer testified that as the tractor trailer fled the scene, he noticed the trailer's Dollar General decal and was able to obtain a partial plate number.

Trooper Walker then contacted Werner Enterprises, who oversees Dollar General's tractor trailers, and was informed that a Dollar General drop off had occurred at the Centre Hall Dollar General on November 25, 2020 by Appellant. Trooper Walker spoke with Appellant on December 9, 2020. Appellant informed Trooper Walker that while *en route* to the Centre Hall Dollar General, his GPS took him to a "tight spot" that caused his right tires to go onto Baer's yard. Appellant stated he did not report the accident out of fear that he would lose his newly obtained job with Werner Enterprises. Appellant further stated that he was unaware that any damage was done to Baer's trees, as he could not hear any such noises over the sound of the tractor trailer's engine.

Trial Court Opinion, 6/3/21, at 1-2 (cleaned up).

Upon this evidence, the trial court convicted Appellant of violating 75 Pa.C.S. § 3745, which requires a motorist involved with an unattended vehicle or property to immediately stop and provide financial responsibility information to the owner. The trial court sentenced Appellant as indicated above, and Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following question for our review: "Whether the [trial c]ourt erred in finding [Appellant] guilty where the admissible evidence was insufficient to prove every element of the charge." Appellant's brief at 3. We begin our consideration of Appellant's question mindful of the following:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond

a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Reed*, 216 A.3d 1114, 1119 (Pa.Super. 2019) (internal quotation marks omitted).

The statute at issue in the instant case provides as follows:

**(a) General rule.--**The driver of any vehicle which collides with or is involved in an accident with any vehicle or other property which is unattended resulting in any damage to the other vehicle or property shall immediately stop the vehicle at the scene of the accident or as close thereto as possible and shall then and there either locate and notify the operator or owner of the damaged vehicle or other property of his name, address, information relating to financial responsibility and the registration number of the vehicle being driven or shall attach securely in a conspicuous place in or on the damaged vehicle or other property a written notice giving his name, address, information relating to financial responsibility and the registration number of the vehicle being driven and shall without unnecessary delay notify the nearest office of a duly authorized police department. Every stop shall be made without obstructing traffic more than is necessary.

**(b) Penalty.--**A violation of this section is a summary offense, punishable by a fine of $300 or imprisonment for not more than 90 days, or both.

75 Pa.C.S. § 3745. Further, as Appellant and the Commonwealth acknowledge, § 3745 is not a strict liability crime. A conviction under this statute requires not only proof of a collision and damage to unattended property, but also proof that the offender knew or should have known that such a collision occurred. *See* Appellant's brief at 9-10; Commonwealth's brief at 13. *See also Commonwealth v. Kauffman*, 470 A.2d 634 (Pa.Super. 1983) (holding that, though not express, a prior statute penalizing leaving the scene of an accident involving unattended property contained the requirement that the driver "knows, or in the exercise of reasonable care should know" that he had been involved in such an accident); *Hunt v. Com., Dep't of Transp., Bureau of Traffic Safety*, 327 A.2d 392, 394 (Pa.Cmwlth. 1974) (noting that "scienter is a necessary element in the proof of violation of" a predecessor to § 3745).

The trial court offered the following explanation for its assessment that the evidence was sufficient to sustain Appellant's conviction:

> Instantly, Appellant failed to negotiate a curve and caused damage to Baer's property. Appellant admitted that he did not contact Baer to provide his information. Further, despite his obligation to do so, Appellant left the scene of the accident without contacting the police. Trooper Walker had to actively seek out Appellant and was only able to find Appellant by contacting his employer, approximately fourteen days after the incident occurred. Appellant testified that after being provided Trooper Walker's phone number by his employer, he left several voicemails which went unanswered; however, Trooper Walker testified he had not received any voicemails from Appellant. Upon speaking with Trooper Walker, Appellant stated that his right tires went through Baer's property and that he wasn't surprised he had hit the tree branches. Appellant stated he did not contact Baer or the

- 4 -

police following the incident out of fear he'd lose his job. At trial, Appellant again testified that he could not hear the sound of the tree branches breaking over the noise of the tractor trailer's engine. The [trial] court found Appellant's testimony credible; however, found it did not excuse Appellant from knowing whether his vehicle came into contact with other items. Appellant was aware that his tractor trailer had driven onto the property of Baer. Knowing there was, at minimum, damage to Baer's lawn, Appellant should have made an effort to fully assess the damage he caused, especially when the sound of the tractor trailer's engine made it more difficult for Appellant to fully assess the level of destruction he may have caused.

Trial Court Opinion, 6/3/21, at 4 (cleaned up).

Appellant does not dispute that he caused damage to Baer's property during the incident in question. Rather, Appellant attacks the Commonwealth evidence concerning the *mens rea* element of the offense. Specifically, Appellant argues that the evidence was insufficient to prove that he "knew, or in the exercise of reasonable care should have known, that his vehicle had been involved in an accident." Appellant's brief at 11. Appellant contends that there was no evidence that suggested that he was alerted to the collision with the pine trees, such as testimony that the branches caused any movement of the tractor trailer, that the branches were visible in the truck's mirrors, or that the breaking of the branches was audible above the sound of the vehicle's engine. ***Id***. Finally, Appellant argues that, while the trial court assumed that there was tire damage to Baer's lawn, there was no evidence of actual damage to the lawn to support the trial court's finding. ***Id***. at 12.

We disagree. First, contrary to Appellant's contention on appeal, Baer indeed testified that Appellant's large vehicle left tire marks in the lawn, up to

the wooden planters that surround the pine trees that are ten feet from the road. **See** N.T. Trial., 4/9/21, at 9-10, 12. Tire tracks on a lawn constitute damage to unattended property under the vehicle code. **See Hunt**, **supra** at 394 (indicating that a violation of a predecessor statute was established by driver's knowledge that he damaged a lawn).

Second, although the trial court believed Appellant's testimony that he did not have actual knowledge of the damage he caused to the trees because the vehicle's engine was so loud, Appellant's willful ignorance does not render him immune to a conviction under § 3745. In ruling that hit-and-run convictions may rest upon proof that a driver exercising reasonable care **should** have known of the accident, the **Kauffman** Court observed: "To hold otherwise would advise drivers to remain oblivious, howsoever unreasonably, to the effects of their driving on fellow motorists." **Kauffman**, **supra** at 640.

Baer testified that, from inside his house, he heard "loud popping cracking noises" and "snaps and cracks" when Appellant broke branches up to two inches in diameter and four and one-half feet in length from the three old pine trees that were over twenty feet tall. **Id**. at 6-11. Appellant's vehicle trailed debris from the collision behind him as he pulled away, leaving damage that was "very prevalent." **Id**. at 10-11. Had Appellant exercised reasonable care, he would have readily ascertained the damage he caused to the trees. Stated differently, Appellant's decision to drive away under these circumstances without undergoing even a cursory inspection of what effect his

intrusion onto Baer's land had was not reasonable. Hence, we conclude that the trial court's finding that Appellant in the exercise of reasonable care should have known that he damaged Baer's trees, as well as his lawn, is supported by reasonable inferences made from the Commonwealth's evidence. Accordingly, the evidence was sufficient to prove the *mens rea* element of the offense beyond a reasonable doubt and no relief is due.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/13/2022